UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SEAL SOURCE, INC.,

        Plaintiff,

v.

CESAR CALDERON; SEAL SUPPLY PERU SA; DULIA CASTRO; CASDEL HNOS SA; JOHN DOES 1 THROUGH 10,

        Defendants.

CV 09-875-HU

OPINION AND ORDER

REDDEN, Judge:

      Seal Source, Inc. filed this action against defendants, alleging a single federal claim for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 et seq., and state law claims for Misappropriation of Trade Secrets, Interference with Economic Relations,

PAGE 1 - OPINION AND ORDER

Conversion, and Breach of Confidential and Fiduciary Relationship. Now before the court is Defendant Cesar Calderon's Amended Motion (doc. 21) to Dismiss under Federal Rule of Civil Procedure 8(a)(1), for failure to properly allege jurisdiction. On August 6, 2009, I held oral argument, and asked the parties to submit supplemental memoranda on the issue of damages under the CFAA. For the reasons that follow, I DENY Calderon's motion to dismiss.

      Federal Rule of Civil Procedure 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction." The Rule was enacted to eliminate "the archaic system of fact pleading found in the state codes of pleading applied by the federal courts under the 1872 Conformity Act. Today, the only function left to be performed by the pleadings alone is that of notice." Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 839 (9th Cir. 2007) (citation and quotation omitted). Courts are to construe pleadings liberally "so as to do justice," and Rule 8 requires only that the complaint "gives the defendant sufficient notice of the court's jurisdiction." Id.; Fed. R. Civ. P. 8(e).

      Federal Rule of Civil Procedure 12(b)(1) provides a mechanism by which a party may move to dismiss a claim for lack of subject matter jurisdiction. A jurisdictional attack under Rule 12(b)(1) may be either facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack occurs when the movant "asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." Id. By contrast, a factual attack occurs when the movant "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. Here, Calderon's motion is a facial attack because he simply challenges the sufficiency of the Complaint's jurisdictional

allegations.[1]

In resolving a facial attack on jurisdiction, as is the case here, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction. In a facial attack, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).

Here, Seal Source's Complaint alleges federal subject matter jurisdiction "aris[ing] under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030." Complaint, at ¶ 2. The court certainly has jurisdiction over federal claims brought under federal statutes such as the Computer Fraud and Abuse Act. The court also has supplemental jurisdiction over Seal Source's state law claims under 28 U.S.C. § 1367.

Defendant cites no authority for the proposition that Seal Source is required to plead "something more." Defendant also fails to cite any authority for the proposition that Seal Source must cite the specific statutes conferring federal question jurisdiction, 28 U.S.C. § 1331, and

---

[1] At oral argument, Calderon also argued that Seal Source's alleged loss of business and competitive advantage are not actionable "losses" under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 et seq., and thus, Seal Source's sole federal claim fails as a matter of law. The court construes Calderon's argument as an oral motion to dismiss for failure to state a claim.

Calderon's motion must be denied because the Ninth Circuit has held that the loss of business and/or business goodwill are recoverable "economic damages" under the CFAA. Creative Computing v. Getloaded.com, LLC, 386 F.3d 930, 935 (9th Cir. 2004). In his supplemental memorandum, Calderon acknowledges that Creative Computing "would lead to the conclusion that plaintiff has appropriately alleged the element of damages," but argues that the case was wrongly decided. Def's Mem. Re: Recoverable Damages, at 2. Because the Ninth Circuit's decision in Creative Computing is binding authority, Calderon's argument must be rejected. The loss of business and business goodwill are actionable losses under the CFAA. Consequently, I deny Calderon's motion to dismiss for failure to state a claim.

PAGE 3 - OPINION AND ORDER

supplemental jurisdiction, 28 U.S.C. § 1367.  Assuming all allegations of material fact within the complaint are true and construing the Complaint in the light most favorable to Seal Source (as I must), I find that Seal Source's Complaint is sufficient to give defendants notice of the court's jurisdiction.  Accordingly, Calderon's Amended Motion (doc. 21) to Dismiss under Rule 8(a)(1) for lack of jurisdiction is DENIED.

IT IS SO ORDERED.

DATED this  27th  day of August, 2009.


                                                 /s/ James A. Redden
                                                      James A. Redden
                                            United States District Court