IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SEAL SOURCE INC.,**

           CV NO. 09-875-HU

    Plaintiff,

  v.         FINDINGS AND RECOMMENDATION

**CESAR CALDERON; SEAL SUPPLY**
**PERU SA; DULIA CASTRO; CASDEL**
**HNOS SA; JOHN DOES 1 THROUGH 10,**

    Defendants.

Ronald G. Guerra
Jordan Schrader Ramis
Two Centerpointe Dr. 6th Floor
Lake Oswego, Oregon 97035
  Attorneys for plaintiff

Roger Hennagin
Roger Hennagin, P.C.
8 North State Street, Suite 300
Lake Oswego, Oregon 97034
  Attorney for defendant Dulia Castro

HUBEL, Magistrate Judge:

   This is an action for violation of the Computer Fraud and

Abuse Act, 18 U.S.C. § 1030; misappropriation of trade secrets;

interference with economic relations; conversion; and breach of

FINDINGS AND RECOMMENDATION Page 1

fiduciary duty. Plaintiff Seal Source, an Oregon corporation, is a supplier of hydraulic and replacement seal kits throughout the United States and, among other places, Latin America. Defendant Calderon was employed by Seal Source on January 24, 2006 as Seal Source's Spanish Customer Service Representative. Calderon was responsible for marketing and sales of Seal Source products throughout Latin America, including to defendant Castro, the owner of Casdel HNOS SA, a Peruvian corporation that transacts business in the United States. Calderon was laid off on July 8, 2009. First Amended Complaint (FAC) ¶¶ 7-9.

On July 22, 2009, defendant Hydraulics Supply International Corp. (HSIC) was incorporated in Florida, effective July 23, 2009. FAC ¶ 11. The articles of incorporation name defendant Calderon as president and defendant Dulia Castro as vice president of HSIC. Seal Source alleges that Calderon and Castro organized HSIC to "receive and use information defendant Calderon had access to as an employee of Seal Source." FAC ¶ 13. Seal Source alleges further that at the time Calderon was laid off, Seal Source discovered that Calderon had, without Seal Source's permission, and against Seal Source's written policies made known to Calderon, accumulated and disclosed Seal Source trade secrets to Castro for the purpose of entering into a competing business, including in Latin America. FAC ¶ 20. Seal Source alleges that defendants HSIC, Calderon and Castro have intentionally interfered with Seal Source's relations with its customers, vendors and suppliers. FAC ¶ 28.

Seal Source seeks money damages, punitive damages in the

FINDINGS AND RECOMMENDATION Page 2

amount of $500,000, a permanent injunction prohibiting defendants from further disclosure and use of Seal Source's confidential information, and an order requiring the return of such information.

## Procedural History

This action was originally filed on July 29, 2009. According to the docket sheet, affidavits of service submitted July 29, 2009 show that Calderon, Castro, and Casdel HNOS SA were served on July 29, 2009. (Doc. # 5).

Roger Hennagin appeared on behalf of Calderon on August 4, 2009 (doc. # 15) and filed a motion to dismiss for lack of jurisdiction on his behalf. (Doc. # 16). On August 27, 2009, Judge Redden denied the motion to dismiss. (Doc. # 28). Meanwhile, a show cause hearing was set before Judge Redden on September 3, 2009. (Doc. # 29). The hearing was stricken because the parties submitted a stipulated order for preliminary injunction. (Doc. # 31). Under the terms of the stipulated order, defendants were to return to Seal Source all proprietary and/or trade secret information, and Seal Source was to post a bond in the amount of $10,000. (Doc. # 33).

The court held a Rule 16 conference on December 15, 2009. (Doc. # 37). Seal Source was ordered to serve the complaint and summons on the non-appearing defendants no later than January 15, 2010. Calderon was to file his answer no later than January 19, 2010. The Rule 16 was continued to January 19, 2010, with the parties being notified that the court would dismiss any defendants not yet served  and would set a full case schedule. (Doc. # 37)

FINDINGS AND RECOMMENDATION Page 3

Defendants Seal Supply Peru SA, Casdel HNOS SA, and Dulia Castro were dismissed by Seal Source on January 15, 2010. (Doc. # 40).

In a status report filed with the court on February 8, 2010, Seal Source stated that it had located a United States address for Castro, and a company that Calderon and Castro appeared to be operating out of Florida, and that it would amend the complaint to reallege Castro and HSIC's participation in the conduct alleged. (Doc. # 45). The First Amended Complaint (FAC) was filed against all defendants on February 12, 2010. (Doc. # 46). Summons were issued to HSIC and Dulia Castro. Calderon filed an answer to the FAC on February 26, 2010. An affidavit of service upon Dulia Castro, showing substituted service by mailing was filed April 28, 2010. (Doc. # 49).

On April 28, 2010, Seal Source filed a motion for entry of default against Castro and HSIC. (Doc. # 51). The court entered an order of default against these defendants on May 12, 2010 (doc. # 54). On May 18, 2010, Roger Hennagin made a special appearance on behalf of Dulia Castro. (Doc. # 55). On the same date, Castro filed a motion to quash service of summons on her (doc. # 56).

## Discussion

Dulia Castro was served by substituted service on Jorge Ordinola. A copy of the summons and complaint were left at his personal residence in Florida. Ordinola is the person who incorporated HSIC in Florida. Ordinola Affidavit ¶ 15. When Ordinola completed the HSIC Articles of Incorporation, via

FINDINGS AND RECOMMENDATION Page 4

Florida's official website, he listed the address of HSIC vice president Dulia Castro as his own home address rather than her home address in Peru. Id. He states in his affidavit that he did so because Castro, a non-English speaker, "would not be able to read or understand any written communications that she might receive from the Florida Corporation Commissioner." Id.

Ordinola states that Castro is a childhood friend of his, and that she stays at his house whenever she is in the United States, but that her visits have never lasted more than a week, with the last visit occurring, to his recollection, in November 2008. Id. at ¶¶ 6, 9, 10, 11. According to Ordinola, he and Castro communicate between Florida and Peru via email and telephone. Id. at ¶ 8.

Seal Source argues that service was sufficient because under Florida law, process against any corporation may be made upon the president or vice president of the corporation. Fla. Stat. Ch. 607.0504(2), Fla. Stat. 48.081(1)(a). Florida law also provides that service of process against a corporation may be made upon the registered agent of the corporation, if a corporate officer is not present. See Fla. Stat. Ch. 48.081(2). Regardless of whether Seal Source has properly served HCIS, the question presented by this motion is whether substituted service on Ordinola constitutes personal service on HCIS's vice president, Castro. Seal Source has not cited any authority to support its argument that substituted service at Ordinola's residence-- where Castro is apparently no more than an occasional visitor--is sufficient to constitute service on Castro herself.

FINDINGS AND RECOMMENDATION Page 5

However, Seal Source does argue that under Florida law, substituted service is effective when "at the time of service circumstances were such that it could be presumed that the matter would be brought to [her] attention." Barnett Bank of Clearwater, N.A. v. Folsom, 306 So.2d 186, 187 (Fla. 1975). Seal Source argues that service on Ordinola is sufficient to constitute a circumstance in which this action would have been brought to Castro's attention. I do not find this argument persuasive, because Barnett is readily distinguishable on its facts. In that case, substituted service of process was obtained on defendant husband by leaving process with his wife at their place of residence. Defendant and his wife were living together at the time. As the court stated, "There [was] no question that service was made in literal compliance with the statute." Id. The statute in question allowed substituted service by leaving copies of the complaint and summons at the defendant's usual place of abode with a member of his family over the age of 15 so long as that person is told the nature of the papers. Id. at n. 1.

In the case before this court there is no literal compliance with the statute. Castro does not reside at Ordinola's address and he is not a member of her family. The foundational equivalents of Barnett are not present to support a presumption of notice being given by Ordinola to Castro. The Barnett court held that the person bringing the action had no reason to believe that the wife would not communicate her knowledge of service to her husband, because the circumstances were such that it could be presumed that the

FINDINGS AND RECOMMENDATION Page 6

1   matter would be brought to his attention.

2       Such circumstances do not exist in this case. First, as

3   mentioned above, Seal Source points to no statute supporting

4   service with which it complied for Castro personally. Further,

5   Ordinola's use of his home address as that of Castro for purposes

6   of incorporating HCIS does not reasonably give rise to a

7   presumption that communications directed to Castro personally would

8   be communicated by Ordinola to Castro. HCIS, as a corporation, has

9   a separate and distinct identity from Castro personally. Castro

10  does not reside or spend significant time at Ordinola's address.

11  Indeed, Castro does not reside in the United States. I recommend,

12  therefore, that the motion to quash service on Castro (doc. # 56)

13  be GRANTED.

14                          **Scheduling Order**

15      These Findings and Recommendation will be referred to a

16  district judge. Objections, if any, are due August 5, 2010. If no

17  objections are filed, then the Findings and Recommendation will go

18  under advisement on that date. If objections are filed, then a

19  response is due August 23, 2010. When the response is due or

20  filed, whichever date is earlier, the Findings and Recommendation

21  will go under advisement.

22      Dated this 15th day of July, 2010.

23

24                               /s/Dennis James Hubel

25                            Dennis James Hubel
                            United States Magistrate Judge
26

27

28  FINDINGS AND RECOMMENDATION Page 7